UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY MURPHY,

    Plaintiff,

v.

HEIDI WASHINGTON, et. al.,

    Defendants.
_____/

Case Number 2:24-CV-10735
Honorable Linda V. Parker

## OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING WITHOUT PREJUDICE THE COMPLAINT

This matter is before the Court on Plaintiff Timothy Murphy's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. The Court reviewed Plaintiff's application to proceed without prepayment of fees and costs and his prison trust fund account statement. For the reasons that follow, the case is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee, plus a $ 52.00 administrative fee, when he

filed his complaint. Plaintiff has filed an application to proceed without prepayment of fees and costs, along with the supporting documentation.

A review of these documents shows that Plaintiff currently has a spendable account balance in his prison trust fund account of $2,134.68, which is more than the amount of the fee to file a civil action. (ECF No. 2, PageID.16, 17).

28 U.S.C. § 1915(e)(2)(A) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
(A) The allegation of poverty is untrue.

28 U.S.C. § 1915(e)(2)(A) requires the dismissal of a case if there is an incorrect or unsubstantiated claim of poverty made by the plaintiff. *See Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002), *abrogated on other grds by Jones v. Bock*, 549 U.S. 199 (2007); *Jones v. Mich. Dep't of Hum. Servs.*, No. 12-14466, 2013 WL 640771, at *2 (E.D. Mich. Feb. 21, 2013) (Adopting in part and rejecting in part the report and recommendation of Magistrate Judge). The spendable account balance of $2,134.68 in Plaintiff's prison trust fund account indicates that Plaintiff has sufficient funds to pay the full amount of the filing fee.

When a district court determines that a plaintiff's allegations of poverty are untrue, dismissal is required under the mandatory language of 28 U.S.C. § 1915. *See Redd v. Redmon*, 215 F.3d 1327 (Table), 2000 WL 658291, at *1 (6th Cir. May 9, 2000) ("Section 1915(e)(2)(A) requires the district court to dismiss the case if

the court determines that the allegation of poverty is untrue"). The complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A). *Woodson v. United States*, 89 Fed. Cl. 640, 647, n. 14 (2009). "Dismissal on this ground is not discretionary." *Id*.

For this reason, the application to proceed without prepayment of fees and costs is **DENIED** and the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(A). The dismissal is without prejudice to Plaintiff filing a new complaint in a new case with the payment of $ 350.00 filing fee plus the $ 52.00 administrative fee.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 29, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 29, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

3